NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GULWANT SINGH, AKA Bill Singh, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-71018 Agency No. A070-541-374 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Gulwant Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for abuse of discretion whether a conviction is

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a particularly serious crime and review for substantial evidence the agency's denial of relief under the CAT. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

The agency did not abuse its discretion in determining that Singh's conviction under California Penal Code § 288(c)(1) is a particularly serious crime disqualifying him from asylum and withholding of removal, where the agency relied on the appropriate factors and proper evidence in its analysis. *See* 8 U.S.C. § 1158(b)(2)(A)(ii); 8 U.S.C. § 1231(b)(3)(B)(ii); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court's review of the particularly serious crime determination is limited to "ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach this conclusion" (citations omitted, alteration in original)). The agency was not required to consider evidence of Singh's rehabilitation since his conviction, and properly looked at the nature and circumstances of Singh's conviction to determine he will be a danger to the community. *See Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982) ("In judging the seriousness of a crime, we look to . . . most importantly, whether the type and circumstances *of the crime* indicate that the alien will be a danger to the community." (emphasis added)). Contrary to Singh's contentions, the agency did not conclude that his offense was "by its nature" a particularly serious crime, nor rely on the incorrect statute of conviction.

17-71018

Because the particularly serious crime finding is dispositive, we do not address Singh's contentions regarding the merits of his asylum or withholding of removal claims or the IJ's adverse credibility finding. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

Substantial evidence supports the agency's denial of protection under the CAT, where Singh did not establish it was more likely than not he would be tortured by or with the acquiescence of the Indian government. *See* 8 C.F.R. § 1208.18(a)(1). Singh's contention that he is entitled to a presumption of nationwide persecution is foreclosed by *Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015). We do not reach Singh's contentions regarding credibility in regard to his CAT claim, where the BIA agreed with denial of relief under the CAT, even assuming Singh was credible. *See Simeonov*, 371 F.3d at 538.

**PETITION FOR REVIEW DENIED.**

17-71018